UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR MAYORAL GARCIA,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>DANIEL BRIGHTMAN, Field Office Director of Enforcement and Operations, San Diego Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; CHRISTOPHER LAROSE, Warden of Otay Mesa Detention Center, EOIR,<br><br>　　　　　　　　　　Respondents. | Case No.: 25-cv-3466-JES-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

　　　Before the Court is Petitioner Edgar Mayoral Garcia's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on December 8, 2025. ECF No. 1 ("Pet."). Petitioner argues that his detention without a bond hearing is unlawful under 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause. *Id.* For the reasons set forth below, the Court **GRANTS** the Petition and **ORDERS** that Petitioner be granted a bond hearing.

## I.   BACKGROUND

Petitioner, a citizen of Mexico, has lived in the United States since 2008. *Id.* ¶ 12. He is married to a U.S. Citizen, with whom he has three U.S.-born children who are 12, 7, and 5 years old. *Id.* Petitioner provides financially for his family by working two jobs, and has been the acting pastor at his Church for almost 20 years. *Id.*

On December 2, 2025, Petitioner was detained by ICE on his way to work. *Id.* ¶ 5. ICE placed Petitioner in removal proceedings and issued a notice of custody determination that he was detained pursuant to INA section 236. *Id.* On December 8, 2025, an immigration judge ("IJ") denied Petitioner a bond hearing, finding that she lacked authority to redetermine custody. *Id.* ¶ 6.

Petitioner alleges two claims in his Petition: (1) that he is detained under 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225, and thus entitled to a bond hearing; and (2) his continued detention without a fair bond hearing violates Due Process. *Id.* ¶¶ 20-28.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

//
//

## III.  DISCUSSION

In Respondents' return to the petition, they raise several issues: (1) Petitioner's claim and requested relief is jurisdictionally barred by 8 U.S.C. § 1252; (2) alternatively, if not barred, Petitioner must exhaust administrative remedies; and (3) Petitioner is lawfully detained under § 1225 and it is that section, rather than § 1226, that applies to his detention. ECF No. 6.

Respondents' arguments with regards to jurisdiction, administrative exhaustion, and applicability of § 1225 versus § 1226 are identical to those recently addressed by the undersigned in *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025). In that decision, this Court held that the Court finds that the jurisdiction stripping provisions of 8 U.S.C. § 1252 do not strip it of jurisdiction to hear similar claims challenging detention without an adequate bond hearing, and that any further administrative exhaustion requirements are waived in light of *Matter of Yajure Hurtado*. Further, the Court, along with many others, held that it is § 1226 that applies to noncitizens that have been detained when after residing in the United States for a period of time. The Court adopts it reasoning as to these issues and incorporates it by reference. *See also Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding same).

As applied here, there is no dispute that Petitioner was detained by ICE after having already resided in the United States for many years. Therefore, it is § 1226's discretionary detention that applies to him, rather than § 1225's mandatory discretion, and Petitioner is entitled to a meaningful bond determination, not solely based on *Matter of Yajure Hurtado*. Accordingly, the Court **GRANTS** Petitioner's petition on this ground.

## IV.  CONCLUSION

For the reasons discussed above, the Court:

(1) **GRANTS** Claim One of the Petition;

(2) **DENIES AS MOOT** Claim Two of the Petition;

(3) **ORDERS** Respondents to provide Petitioner with an individualized bond hearing, under 8 U.S.C. § 1226(a), within ten (10) days of this Order, or otherwise release him from custody. At the hearing, the IJ may not deny Petitioner bond on the basis that he is detained under 8 U.S.C. § 1225(b)(2); and

(4) Respondents are **ORDERED** to **FILE** a Notice of Compliance within ten (10) days of providing Petitioner with a bond redetermination hearing.

**IT IS SO ORDERED.**

Dated: December 15, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge